### ADOLPH W. RAUCH v. BRUCKMAN BREWING CO.

1. MANDATORY INJUNCTION NOT ALLOWED TO COMPEL SPECIFIC STRUCTURE.

     A mandatory injunction will not issue to compel the erection of a structure of a specific character.

2. PLAINTIFF CONSENTING TO LOCATION AND ERECTION OF WALL MAY NOT ENJOIN THE USE OF A PARTICULAR WALL.

     In an action to enjoin the erection of a wall on plaintiff's property, where the plaintiff has consented to the location and erection of the wall, the character of the structure and the manner of its erection are not proper subjects for an injunction. Equitable grounds failing, equity will not award damages.

[Syllabus approved by the court.]

INJUNCTION.

Keam & Keam, for plaintiff.

L. W. Goss, for defendant.

**SWING, J.**

This is an action in equity seeking to enjoin the maintenance of a wall on plaintiff's property and to compel the defendant to erect a proper wall in the place of the present one.

The court could not grant the prayer of the petition to erect the wall asked for, for the reason that it is not the province of the court to issue mandatory injunctions of this character.

The court can, however, enjoin the defendant from maintaining the wall on the plaintiff's premises; but the evidence discloses the fact that plaintiff consented to the building of the wall on his premises, and saw the wall while it was being erected and made no objection to its erection, and in fact now makes no objection to its location, provided the wall is made in a more substantial manner, and in a manner to better protect his own property. It follows from this that there is no equitable ground for an injunction, and this being true, the petition must be dismissed, for if there is no existing equitable action, the court cannot proceed to award damages, which damages the petition alleges arose on the equitable action. The action could be brought for damages, either on contract or tort, and there is no claim of that kind here.

This action will be dismissed without prejudice to such an action.

**Jelke** and **Giffen, JJ.,** concur.